### WACO, B., T. & S. R. CO. v. SIMMONS.* (No. 8913.)

(Court of Civil Appeals of Texas. Galveston, Feb. 10, 1927. Rehearing Denied March 17, 1927.)

**1. Railroads ⟐⟐348(2)—Evidence held to support finding railroad permitted establishment of road across track.**

In action for personal injuries caused by defect in rail at a crossing, evidence *held* to sustain finding that railroad permitted establishment of road across its track and invited the public to use it in crossing.

**2. Railroads ⟐⟐300—Railroad inviting use of crossing had duty to use ordinary care.**

Railroad, having invited the public to use a road across its track, had duty to use ordinary care to prevent crossing from becoming and remaining in such dangerous condition that one passing over it might reasonably suffer injury therefrom.

**3. Railroads ⟐⟐300—Traveler injured by defective crossing need only show railroad invited public use.**

To justify recovery for injury caused by defect in a rail at a crossing, it was unnecessary to show that railroad worked and maintained crossing; it being sufficient to show it permitted it to be maintained and invited public use thereof.

**4. Railroads ⟐⟐348(2)—Evidence held to show railroad should have known of broken rail at crossing.**

In action for personal injuries and property damage alleged to have been caused by defective rail at a crossing, evidence *held* to sustain finding that railroad knew, or by exercise of ordinary care should have discovered, broken rail and danger therefrom prior to plaintiff's accident.

Appeal from District Court, Trinity County; Carl T. Harper, Judge.

Suit by J. L. Simmons against the Waco, Beaumont, Trinity & Sabine Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Vinson, Elkins, Sweeton & Weems and C. M. Hightower, all of Houston, for appellant. C. H. Crow and Hayne Nelms, both of Groveton, for appellee.

LANE, J. This suit was instituted by J. L. Simmons against the Waco, Beaumont, Trinity & Sabine Railway Company to recover damages as follows: $10,000 for personal injuries, $25 for reasonable medical services, $25 for damage to his wagon, and $250 for loss of time.

For cause of action the plaintiff alleged that on the 18th day of December, 1923, he and his wagon were injured and damaged, and which resulted in the necessary incurment of a medical bill, by reason of the negligence of the railway company in permitting a defective or broken rail to be and remain upon its roadbed at a point at the intersection of a dirt road, commonly and habitually used by the public, and its roadbed, said dirt road having been established and maintained by the railway company; that he was traveling in his wagon, drawn by his mules; and that he was crossing the railway track at said intersection one of the wheels of his wagon became fastened in the broken rail, and his wagon was suddenly stopped, and he was thereby thrown forward and out of his wagon, and by reason thereof he suffered serious and permanent injuries. He also alleged that said dirt road had become a public road by dedication and long-continued use by the public, but that if mistaken as to the road having become a road by dedication and long use, it was one which had been for a long time recognized by the defendant and the Missouri, Kansas & Texas Railway Company, from which defendant purchased its

⟐⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction May 4, 1927.

railroad, as a much-traveled way for the public generally and one which said railway companies had for a long time, at the place where it crosses their track, maintained; that in so maintaining the same, defendant and its predecessor in title had given and perpetually invited the public to use the crossing in passing over its track; and that in such circumstances it was the duty of defendant to use ordinary care to keep said crossing in a reasonably safe condition for the use of the public, which it failed to do. Defendant answered by general demurrer, general denial, and plea of contributory negligence. The case was tried before the court without a jury, and judgment was rendered for the plaintiff for the sum of $1,000.

On appeal appellant presents but two propositions setting forth the grounds upon which it bases its contention for a reversal of the judgment, which are as follows:

"In order to hold a railroad company liable for injuries occasioned· by a defective rail of its track at a point where a dirt road intersects it, it must be shown that the railroad company maintained a crossing at such point for the use and benefit of the public."

"Where plaintiff was injured by a defective railroad crossing not at the intersection of a public county road, the railroad company is not liable in damages for such injuries unless it be shown that the company knew of the defective condition, or could have known by the exercise of ordinary care of its defective condition."

Succinctly stated, appellant contends that the undisputed evidence shows that the road upon which appellee was traveling at the time of his injury was not a public road established by the commissioners' court or by dedication, nor one maintained by it with an invitation to the public to use it in crossing its railroad track, but that if it be conceded that the road was a public road, or one established and maintained by it with an invitation to use it, appellant would not be liable in damages for appellee's injuries, in that it was not shown that appellant knew of the dangerous condition of the road, if any, which caused such injuries, or could have so known by the exercise of ordinary care, and since there was no such showing, the court erred in rendering judgment for appellee against it.

[1, 2] That the road in controversy was not one established by the commissioners' court is not questioned, and we doubt if there is sufficient evidence to support a finding that it was a public road by dedication; but we think there is ample evidence to support a finding that the Missouri, Kansas & Texas Railway Company permitted the establishment of the road across its track; that it caused to be placed, at the point where said road crossed its track, a sign reading, "Railroad Crossing"; that it knew the public was making use of said road and crossing; that after the purchase of the railroad from the Missouri, Kansas & Texas Company by appellant, it permitted the sign above mentioned to remain and permitted, without protest, the public to use said road and crossing; and that by said acts both of said railway companies invited the public to use the same in crossing the railroad track.

[3] Under such circumstances, it was the duty of said companies to use ordinary care to prevent the crossing from becoming and remaining in such dangerous condition as that one in passing over same might reasonably suffer injury by reason of such condition. To justify a recovery by appellee, it was not necessary to show that appellant worked and maintained the crossing; it was sufficient to show that they permitted it to be maintained and that appellant invited the public to use it.

[4] Having held that the crossing was one which appellant was under obligations to use ordinary care to maintain in a condition safe to those whom it had invited to use the same, we now come to a consideration of the question as to whether it has been shown that appellant knew, or by the exercise of ordinary care could and should have discovered, the broken rail and the danger to which it exposed those using the crossing, prior to the accident which resulted in the injuries suffered by appellee.

There was ample evidence to support a finding by the trial court that the dangerous condition of the crossing alleged by appellee existed, and that he suffered an injury in the manner alleged. It was shown that where two railroad rails on the switch track were supposed to form a junction on the crossing in controversy, there was a space between them of 2 or 2½ inches; that is, they failed of contact by that distance. It was also shown that a part of one of the rails at the point of supposed contact was broken off. Several witnesses testified to the facts last stated, and that one of the wheels of appellee's wagon was so fastened in between the ends of the rails that his team could not move it forward.

Appellant, in an effort to escape liability for the injuries of appellee, called to its aid the well-established rule that a railroad company is not liable in damages for such injuries to a person by reason of a defect in its road or equipment, unless it be shown that the company either knew, or by the exercise of ordinary care could have known, of such defect. To support its contention it calls to its aid the testimony of its section foreman, Houston Red, who testified that he inspected the track the day next before the accident occurred, and that he observed no broken rail, nor any defect which could have caused the accident; and that he inspected the same on the day of the accident, and after the accident, and that no such defective condition was there as alleged by appellee. But appel·

lant's witness Atkinson, as well as several witnesses for appellee, testified that the defect was there on the day of the accident just after it occurred. The testimony of Red, nor any other evidence in the record, by no means required a finding by the court that the dangerous condition of the track, which resulted in appellee's injuries, had not existed for such length of time prior to such injuries as would have enabled the employees of appellant, in the exercise of ordinary care, to discover and repair such condition.

Upon the testimony of the witnesses, the trial court might have concluded that the rails were not pulled apart overnight, and that as a fact they were apart on the day before the accident when the witness Houston Red said he inspected the railroad at the point of the accident and observed no such defect. Such being the prerogative of the trial court, we are to presume, in support of the judgment, that the court did find that the dangerous condition of the track existed for such length of time before the accident as would have enabled the employees of appellant, in the exercise of ordinary care, to have discovered such condition. There being evidence to support such finding, we are not at liberty to set it aside, though we might have reached a different conclusion had the matter been submitted to us as trial judges.

For the reasons pointed out, the complaints of the judgment are overruled, and the judgment is affirmed.

Affirmed.